Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com
*Attorneys for Plaintiff Federal Housing Finance Agency*

Amy F. Sorenson, Esq. (SBN 12495)
Robin E. Perkins, Esq. (SBN 9891)
Kelly H. Dove, Esq. (SBN 10569)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Tel:  702-784-5200  Fax:  702-784-5252
asorenson@swlaw.com, rperkins@swlaw.com, kdove@sw.law.com
*Attorneys for Plaintiff Federal National Mortgage Association*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Plaintiffs, <br><br> vs. <br><br> NEVADA NEW BUILDS, LLC, a Nevada Domestic Limited Liability Company, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT** <br><br> To be assigned to Chief Judge Navarro and Magistrate Judge Carl W. Hoffman in accordance with the Order of Chief Judge Navarro entered in Case No. 2:15-cv-1338-GMN-CWH (ECF No. 104) |

Plaintiffs Federal Housing Finance Agency ("FHFA" or the "Conservator"), in its capacity as Conservator for Federal National Mortgage Association ("Fannie Mae") and Fannie Mae, by and through their attorneys of record, for their Complaint against Nevada New Builds, allege as follows:[1]

---

[1]  Capitalized terms not defined in the text, *supra* and *infra*, are defined in Section II at ¶¶ 7-11.

# I. INTRODUCTION

1. This is an action for (1) a declaratory judgment that notwithstanding any contrary Nevada law, federal law prevents foreclosure of an HOA lien from extinguishing a Fannie Mae, Freddie Mac (with Fannie Mae, the "Enterprises"), or Conservator lien on a property while the Enterprise is in FHFA conservatorship, and that therefore the Enterprise Liens continued to encumber the properties notwithstanding the HOA Foreclosure Sales, and (2) a quiet-title judgment recognizing the continued validity of the Enterprise Liens.

2. In July 2008, Congress passed the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110–289, 122 Stat. 2654, *codified at* 12 U.S.C. § 4511 *et seq.* HERA includes an array of broad privileges, immunities, and exemptions from otherwise applicable law that facilitate the Conservator's exercise of its statutory powers. Here, 12 U.S.C. § 4617(j)(3) mandates that while Fannie Mae and Freddie Mac are in conservatorship none of their property "shall be subject to . . . foreclosure[] . . . without the consent of [FHFA]."

3. A Nevada statute provides HOAs with super-priority liens that HOAs may foreclose to recover up to nine months of delinquent HOA dues. Nev. Rev. Stat. § 116.3116(2). Nevada law allows HOAs to recover only up to six months of delinquent HOA dues where an Enterprise Lien encumbers the property. *Id.* The Nevada Supreme Court has held that a foreclosure authorized and properly conducted under Nev. Rev. Stat. § 116.3116 can extinguish other interests in the underlying property, including deeds of trust. *SFR Invs. Pool 1, LLC v. U.S. Bank*, 334 P.3d 408 (Nev. 2014).

4. The Conservator has not consented to the extinguishment of either Enterprise's interest in any property that has been the subject of an HOA Foreclosure Sale.

5. Defendant is the current record owner of at least three properties that have been the subject of completed HOA Foreclosure Sales and are encumbered by Enterprise Liens.

6. Because Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116, HOA Foreclosure Sales did not extinguish the Enterprises' interests in the subject properties, and, therefore, Nevada New Builds has taken title subject to Enterprise Liens. *See, e.g.*, *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1152 (D. Nev. 2015) ("[A] straightforward reading of the

statutory language bars the HOA's foreclosure in this case from extinguishing the Deed of Trust without FHFA's consent, regardless of the HOA lien's super-priority under state law."); *id.* at 1159 ("The Court finds that 12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac while those entities are under FHFA's conservatorship.").

## II.  DEFINITIONS

7. "Common-Interest Community" means "real estate described in a declaration with respect to which a person, by virtue of an ownership interest in a [U]nit" located within the community, "is obligated to pay for a share of real estate taxes, insurance premiums, maintenance or improvement of, or services or other expenses related to common elements, Units, or other real property described in the declaration." Nev. Rev. Stat. § 116.021(1).

8. "Enterprise Lien" means a lien owned by Fannie Mae, Freddie Mac, or the Conservator that is evidenced by a deed of trust relating to a mortgage loan for which a Unit serves as collateral.

9. "Homeowners' Association" or "HOA" is any Unit-owners' "association organized under Nev. Rev. Stat. § 116.3101." *Id.* § 116.011.

10. "HOA Foreclosure Sale" means completed HOA foreclosure proceedings provided for in Nev. Rev. Stat. § 116.3116(2).

11. "Unit" means "a physical portion of a [C]ommon-[I]nterest [C]ommunity" that is "designated for separate ownership or occupancy, the boundaries of which are" created by the declaration related to the Common-Interest Community. *See* Nev. Rev. Stat. § 116.093 (citing Nev. Rev. Stat. § 116.2105); *id.* § 116.037 (defining declarations as "any instruments, however denominated, that create a [C]ommon-[I]nterest [C]ommunity, including any amendments to those instruments").

///

///

## III. PARTIES

12. FHFA is an independent federal agency created under HERA on July 30, 2008, as the exclusive federal supervisory regulator of Fannie Mae and Freddie Mac. HERA authorizes FHFA to place the Enterprises into conservatorships and to act as their Conservator.

13. On September 6, 2008, the Director of FHFA placed the Enterprises into conservatorships and appointed FHFA as their Conservator. In that capacity, FHFA succeeded to "all rights, titles, powers, and privileges" of each Enterprise, including but not limited to the authority to bring suits on behalf of either or both Enterprises. *See* 12 U.S.C. § 4617(b)(2). FHFA brings this action in its capacity as Conservator of the Enterprises. The Conservator is located at 400 Seventh Street, S.W., in Washington, District of Columbia.

14. Fannie Mae is a government-sponsored enterprise chartered by Congress with the mission to provide stability and liquidity to the United States housing and mortgage markets by establishing secondary mortgage market facilities for residential mortgages. *See id.* § 1716. Fannie Mae is located at 3900 Wisconsin Avenue, N.W., in Washington, District of Columbia.

15. The Enterprises fulfill their congressionally mandated missions by purchasing residential mortgage loans originated by banks and other qualified lenders that use the proceeds from those sales to originate additional mortgages. The Enterprises finance these purchases by bundling the purchased mortgage loans into mortgage-backed securities that are sold to investors with ownership of the mortgage loans themselves remaining with the Enterprises.

16. The Enterprises' purchase of mortgage loans gives rise to a property interest in the Units that secure the mortgage debt, including an ownership interest and a security interest in the deeds of trust and the liens securing that debt.

17. Defendant Nevada New Builds, LLC is a Nevada domestic limited-liability company that purchases, leases, and manages residences in and around Las Vegas, Nevada. Nevada New Builds is located at 7570 Norman Rockwell Lane, Suite 140, Las Vegas, Nevada.

///

///

///

## IV.  JURISDICTION AND VENUE

18. This action seeks declaratory and injunctive relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, including but not limited to a declaration under Nevada's quiet-title statute, Nev. Rev. Stat. § 40.010.

19. The Court has subject matter jurisdiction over this matter pursuant to at least three statutory provisions:

- 28 U.S.C. § 1332, because all Plaintiffs are "citizens of different states" than Nevada New Builds, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs";

- 28 U.S.C. § 1331, because the claims asserted "aris[e] under the Constitution [and] laws . . . of the United States"; and

- 12 U.S.C. § 1723a(a), which provides that Fannie Mae may "sue" and "complain" in any Federal court of competent jurisdiction.

20. Venue lies in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391. Nevada New Builds resides in the District of Nevada, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

21. This Court may assume and exercise in rem jurisdiction over the properties at issue here as none of the Units identified in this Complaint are the subjects of Nevada state court litigation.

22. The Court has personal jurisdiction over Nevada New Builds because this lawsuit arises out of and is connected with Nevada New Builds's purposeful purchase of interests in Units sited in Clark County, Nevada.  Moreover, Nevada New Builds is a Nevada domestic limited-liability company with its principal place of business in Las Vegas, Nevada.

## V.  THE CONTROVERSY AND PLAINTIFFS' STANDING

23. This action arises out of the Parties' disputed rights in residential Units that are sited within Common-Interest Communities and were at the time of the HOA Foreclosure Sales encumbered by Enterprise Liens.  These Units have been the subject of HOA Foreclosure Sales.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

5

24.     Nevada New Builds is the current record owner of the following three Units (collectively, the "Properties").  The information for each is summarized in this table:

| Property Address | Assessor's Parcel Number | Current Record Owner[2] | Loan Number |
|---|---|---|---|
| 1050 East Cactus Avenue, No. 1127, Las Vegas, NV | 177-27-810-251 | Azzurra Capital, LLC %Nevada New Builds LLC | Fannie Mae Loan No. 1697021454 |
| 3952 Edgemoor Way, Las Vegas, NV | 161-18-810-020 | Nevada New Builds LLC | Fannie Mae Loan No. 1693007390 |
| 435 Mesa Boulevard, Unit 202, Mesquite, NV | 001-09-616-016 | Nevada New Builds LLC | Fannie Mae Loan No. 1705593211 |

25.     Fannie Mae purchased the loan for which the East Cactus Avenue Property served as collateral on or about October 1, 2004, and the deed of trust for that loan encumbered the East Cactus Avenue Property at the time of the HOA foreclosure sale.  The East Cactus Avenue Property, APN 177-27-810-251, is subject to a declaration of covenants, conditions, and restrictions for Antigua Condominiums.  On or about September 26, 2011, Nevada Association Services, Inc., as trustee for Antigua Condominiums, recorded a notice of lien on the East Cactus Avenue Property for delinquent HOA dues.  Nevada Association Services, Inc., as trustee for Antigua Condominiums, recorded a notice of default and election to sell under homeowners' association lien on the East Cactus Avenue Property on or about November 21, 2011. Nevada Association Services, Inc., as trustee for Antigua Condominiums, recorded a notice of trustee's sale on or about March 29, 2012.  The HOA trustee's sale was held on or about February 10, 2014, and National Association Services, Inc., as trustee for Antiqua Condominiums, sold the East Cactus Avenue Property to Paul Turcutto and Athena Sack for $16,000.00.  On or about June 18, 2014, Paul Turcutto sold the East Cactus Avenue Property to Azzurra Capital, LLC and UTR Capital LLC.  On or about September 18, 2014, Athena Sack transferred her interest in the East Cactus Avenue Property to Azzurra Capital, LLC.  On September 18, 2014, UTR Capital, LLC transferred its interest in the East Cactus Avenue Property to Azzurra Capital, LLC.  On information and belief, Azzurra Capital is an affiliate of Nevada New Builds.  The property

---

[2] This table reflects the exact identifier used in the public property records for the current record owner.  Though the identifiers vary, upon information and belief, the current record owner for each property is Nevada New Builds, LLC or its affiliate.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

records list the current record owner as "Azzurra Capital LLC %Nevada New Builds LLC" and the address listed for the current record owner is the same as that listed for Nevada New Builds in the public records for other properties.

26. Fannie Mae purchased the loan for which the Edgemoor Way Property served as collateral on or about October 1, 2003, and the deed of trust for that loan encumbered the Edgemoor Way Property at the time of the HOA foreclosure sale. The Edgemoor Way Property, APN 161-18-810-020, is subject to a declaration of covenants, conditions, and restrictions for Forest Hills Homeowners' Association, Inc. ("Forest Hills HOA"). On or about February 24, 2012, Alessi & Koenig, as trustee for Forest Hills HOA, recorded a notice of lien on the Edgemoor Way Property for delinquent HOA dues. Alessi & Koenig, as trustee for Forest Hills HOA, filed a notice of default and election to sell under homeowners' association lien on or about July 9, 2012. Alessi & Koenig, as trustee for Forest Hills HOA, recorded a notice of trustee's sale on or about February 5, 2013. Alessi & Koenig, as trustee for Forest Hills HOA, recorded a second notice of trustee's sale on or about October 22, 2013. The HOA trustee's sale was held on or about November 20, 2013, and Alessi & Koenig, as trustee for Forest Hills HOA, sold the Edgemoor Way Property to Forest Hills HOA for $11,418.74. On or about October 9, 2014, Alessi and Koenig recorded the trustee's deed upon sale evidencing the transfer of the Edgemoor Way Property to Forest Hills HOA. On or about February 11, 2015, Forest Hills HOA recorded a quitclaim deed that transferred the Edgemoor Way Property to Nevada New Builds.

27. Fannie Mae purchased the loan for which the Mesa Boulevard Property served as collateral on or about December 1, 2007, and the deed of trust for that loan encumbered the Mesa Boulevard Property at the time of the HOA foreclosure sale. The Mesa Boulevard Property, APN 001-09-616-016, is subject to a declaration of covenants, conditions, and restrictions for Rock Springs Mesquite Owners' Association ("Rock Springs Mesquite HOA"). On or about January 31, 2013, Alessi & Koenig, as trustee for Rock Springs Mesquite HOA, recorded a notice of lien on the Mesa Boulevard Property for delinquent HOA dues. Alessi & Koenig, as trustee for Rock Springs Mesquite HOA, filed a notice of default and election to sell under

1  homeowners' association lien on or about August 8, 2013.  Alessi & Koenig, as trustee for Rock
2  Springs Mesquite HOA, recorded a notice of trustee's sale on or about January 22, 2014.  The
3  HOA trustee's sale was held on or about February 19, 2014, and Alessi & Koenig, as trustee for
4  Rock Springs Mesquite HOA, sold the Mesa Boulevard Property to Rock Springs Mesquite
5  HOA for $6,375.48.  On or about June 2, 2013, Alessi and Koenig recorded the trustee's deed
6  upon sale evidencing the transfer of the Mesa Boulevard Property to Rock Springs Mesquite
7  HOA.  On or about June 5, 2014, Rock Springs Mesquite HOA recorded a quitclaim deed that
8  transferred the Mesa Boulevard Property to Nevada New Builds.

9        28.     Plaintiffs have been injured by the HOA foreclosure sales of the Properties
10  described herein as a consequence of the purported extinguishment of their liens due to the HOA
11  Foreclosure Sales described in ¶¶ 25–27, and an order granting the relief sought herein would
12  redress those injuries.  Plaintiffs, therefore, have standing to maintain this action.

**VI.  CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

**(Declaratory Relief)**

16        29.     Plaintiffs reassert and incorporate herein by reference the allegations contained in
17  ¶¶ 1–28 above, as though fully set forth herein.
18        30.     Pursuant to 28 U.S.C. § 2201 and Nev. Rev. Stat. § 40.010, this Court is
19  empowered to declare the rights and legal relations of the parties in this matter, both generally
20  and in relation to the HOA foreclosure sales and the Properties.
21        31.     The deeds of trust were first secured interests on the Properties and the Plaintiffs,
22  or one of them, held an interest in the Deeds of Trust.
23        32.     FHFA, Conservator of the Enterprises, is also an independent agency of the
24  federal government.  *See* 12 U.S.C. § 4511(a).
25        33.     Upon its appointment, the Conservator succeeded by law to all of the Enterprises'
26  "rights, titles, powers, and privileges."  *Id.* § 4617(b)(2)(1)(A)(i).

34. During the conservatorships, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." *Id.* § 4617(j)(3).

35. Enterprise Liens are property of the Conservator. *See, e.g.*, *Skylights*, 112 F. Supp. 3d at 1155 ("[T]he property of Fannie Mae effectively becomes the property of FHFA once it assumes the role of conservator, and that property is protected by section 4617(j)'s exemptions."); *Premier One*, 2015 WL 4276169, at *3 ("Fannie Mae has held an interest in the Property since [it purchased the associated mortgage] on December 1, 2006."); *Williston*, 2015 WL 4276144, at *3 ("Freddie Mac has held an interest in the Property since" it purchased the associated mortgage and, therefore, "FHFA held an interest in the Deed of Trust as conservator for Freddie Mac").

36. Applying Chapter 116 of the Nevada Revised Statutes or other state law in a manner that would have extinguished Fannie Mae's and/or Freddie Mac's first position deeds of trust violates 12 U.S.C. § 4617(j)(3).

37. FHFA did not consent to any purported extinguishment of Fannie Mae's deeds of trust that encumbered the Properties. FHFA's Statement on HOA Super-Priority Lien Foreclosures dated Apr. 21, 2015, www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx.

38. Pursuant to 12 U.S.C. § 4617(j)(3), the HOA foreclosure sales could not extinguish Fannie Mae's first secured interests. Plaintiffs are entitled to a declaration that 12 U.S.C. § 4617(j)(3) preempts any state law that would permit an HOA foreclosure sale to extinguish a first secured interest of Fannie Mae while they are under FHFA's conservatorships.

39. Plaintiffs are entitled to a declaration that the HOA foreclosure sales discussed herein did not affect or extinguish Fannie Mae's deeds of trust.

40. Plaintiffs have been compelled to retain the undersigned counsel to represent them in this matter and have and will continue to incur attorney's fees and costs.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

9

## SECOND CAUSE OF ACTION
### (Quiet Title)

41. Plaintiffs reassert and incorporate herein by reference the allegations contained in ¶¶ 1–40 above, as though fully set forth herein.

42. Pursuant to 28 U.S.C. § 2201 and Nev. Rev. Stat. § 40.010, this Court is empowered to declare the rights and legal relations of the parties in this action, both generally and in relation to the HOA foreclosure sales and the Properties.

43. Nevada New Builds claims interests in the Properties through the HOA foreclosure sales and trustee's and/or foreclosure deeds that are adverse to Plaintiffs' interests in the Properties.

44. Plaintiffs' interests in the deeds of trust that encumbered the Properties constitute interests in real property.

45. The Enterprises' secured interests in the Properties are property of the Conservator, and applying Nev. Rev. Stat. 116.3116 *et seq.* or other state law in a manner that extinguishes Fannie Mae's first-position deeds of trust would violate 12 U.S.C. § 4617(j)(3).

46. Based on the adverse claims being asserted by the parties, Plaintiffs are entitled to a judicial determination that Fannie Mae's deeds of trust continue to encumber the Properties after the HOA foreclosure sales.

47. Plaintiffs are entitled to a determination that the HOA foreclosure sales (and any subsequent transfers) did not convey the Properties free and clear to Nevada New Builds or the purchasers at the HOA foreclosure sales, and thus any interests acquired by Nevada New Builds through the trustee's deeds, foreclosure deeds, and/or quitclaim deeds are subject to Fannie Mae's interests in the Properties.

48. Plaintiffs have been compelled to retain the undersigned counsel to represent them in this matter and have and will continue to incur attorney's fees and costs.

## PRAYER FOR RELIEF

**NOW, THEREFORE**, Plaintiffs request a judgment in their favor against Defendant Nevada New Builds as follows:

1. A declaration that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit an HOA Foreclosure Sale of a super-priority lien to extinguish the property interests of Fannie Mae while it is under FHFA conservatorships;

2. A declaration that the HOA Foreclosure Sales did not extinguish Fannie Mae's deeds of trust and that they continue as valid encumbrances against the Properties;

3. For a declaration that Nevada New Builds's interests in the Properties, if any, are subject to the Enterprises' interests;

4. That Plaintiffs be awarded attorney's fees and costs, plus interest accruing thereon, in their favor at the maximum rate allowed by law; and

5. That the Court award such other and further relief as it may deem appropriate.

DATED this 26th day of May, 2016.

**FENNEMORE CRAIG, P.C.**

By: /s/ Leslie Bryan Hart
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228  Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

*Attorneys for Plaintiff Federal Housing Financing Agency*

**SNELL & WILMER LLP**

By: /s/ Amy F. Sorenson
Amy F. Sorenson, Esq. (SBN 12495)
Robin E. Perkins, Esq. (SBN 9891)
Kelly H. Dove, Esq. (SBN 10569)
3883 Howard Hughes Pkwy, Suite 1100
Las Vegas, NV 89169
Tel: 702-784-5200  Fax: 702-784-5252
asorenson@swlaw.com,
rperkins@swlaw.com
kdove@sw.law.com

*Attorneys for Plaintiff Federal National Mortgage Association*

11664726.1