Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 S. Second St., Suite 1510
FENNEMORE CRAIG, P.C.
Reno, Nevada  89501
Tel:  (775) 788-2228  Fax:  (775) 788-2229
lhart@fclaw.com,
jtennert@fclaw.com
*Attorneys for Federal Housing Finance Agency*

Amy Sorenson, Esq. (SBN 12495)
Robin E. Perkins, Esq. (SBN 9891)
Kelly H. Dove, Esq. (SBN 10569)
SNELL & WILMER
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
Tel: 702-784-5200  Fax:  702-784-5252
asorenson@swlaw.com; rperkins@swlaw.com; kdove@sw.law.com
*Attorneys for Federal National Mortgage Association*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THE FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of Federal National Mortgage Association; and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>NEVADA NEW BUILDS, LLC, a Nevada Domestic Limited Liability Company<br><br>Defendant. | CASE NO. 2:16-cv-01188-GMN-CWH<br><br>**STIPULATION TO STAY DISCOVERY** |

25242749.1

**INTRODUCTION**

Plaintiffs Federal National Mortgage Association ("Fannie Mae") and Federal Housing Finance Agency ("FHFA" or the "Conservator"), in its capacity as Conservator of Fannie Mae, and Defendant Nevada New Builds, LLC hereby stipulate to stay discovery. Good cause exists for the Court to stay all discovery in this matter pending resolution of Plaintiffs' Motion for Summary Judgment (Dkt. No. 9).

**Background**

On May 26, 2016, Plaintiffs filed a Complaint, seeking, *inter alia*, a declaratory judgment that federal law prevents a homeowners' association's foreclosure sale from extinguishing an Enterprise[1] Lien while the Enterprise is in FHFA conservatorship. (Dkt. No. 1). Plaintiffs filed their Motion for Summary Judgment on August 3, 2016. (Dkt. No. 9). Defendant filed an Opposition to Plaintiffs' Motion for Summary Judgment on August 26, 2016, (Dkt. No. 10), and Plaintiffs filed a reply in support of their Motion for Summary Judgment. (Dkt. No. 11). To date, no party has served discovery requests on the other.

Plaintiffs' Motion for Summary Judgment raises the central legal question in this case—whether a homeowner's association foreclosure sale conducted under Nev. Rev. Stat. § 116.3116(2) ("HOA Sale") may extinguish Fannie Mae or Freddie Mac's property interest. Plaintiffs argue that 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar") precludes an HOA Sale from extinguishing Fannie Mae or Freddie Mac's property interests and preempts any contrary state law. No discovery is necessary to resolve this legal question, and the Court's decision on the pending Motion for Summary Judgment could dispose of Plaintiffs' claims. Because discovery may never be required in this action, it would be burdensome, inefficient, and inequitable to conduct it at this stage.

**Legal Standard Governing Motions to Stay Discovery**

District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Yung Lo v. Golden Gaming*, No. 2:12-CV-01885-JAD-

---

[1] For purposes of this motion, "Enterprise" refers to either Fannie Mae or Freddie Mac.

2

25242749.1

1   CWH, 2014 WL 794205, at *1 (D. Nev. Feb. 26, 2014) ("Courts have broad discretionary power
2   to control discovery."). "In evaluating the propriety of an order staying or limiting discovery while
3   a dispositive motion is pending" courts "consider[] the goal of Federal Rule of Civil Procedure 1,
4   which provides that the Rules shall 'be construed and administered to secure the just, speedy, and
5   inexpensive determination of every action.'" *Yung Lo*, 2014 WL 794205, at *3 (quoting Fed. R.
6   Civ. P. 1). Courts accordingly ask "whether it is more just to speed the parties along in discovery
7   while a dispositive motion is pending or to delay discovery to accomplish the inexpensive
8   determination of the case." *Id.*

9   Courts thus may limit discovery "upon a showing of good cause or where 'justice requires
10  to protect a party or person from annoyance, embarrassment, oppression, or undue burden or
11  expense.'" *Aguirre v. S. Nevada Health Dist.*, No. 2:13-CV-01409-LDG-CWH, 2013 WL
12  6865710, at *2 (D. Nev. Dec. 30, 2013) (quoting *Wagh v. Metris Direct, Inc.,* 363 F.3d 821, 829
13  (9th Cir. 2003)). A stay of discovery also may be appropriate to "further the goals of judicial
14  economy and control of the Court's docket," *id.*, or to "reduce costs and increase efficiency,"
15  *Johnson v. Cheryl*, No. 2:11-CV-00291-JCM-CWH, 2013 WL 129383, at *4 (D. Nev. 2013).
16  When a pending motion raises a threshold legal issue that "do[es] not require further discovery and
17  [is] potentially dispositive of the entire case," this Court has not hesitated to approve a stay of
18  discovery. *Yung Lo*, 2014 WL 794205, at *3; *Aguirre*, 2013 WL 6865710, at *2; *Thrash v. Towbin*
19  *Motor Cars*, No. 2:13-CV-01216-MMD-CWH, 2013 WL 5969829, at *2 (D. Nev. Nov. 7, 2013);
20  *Kidneigh v. Tournament One Corp.*, No. 2:12-CV-02209-APG-CWH, 2013 WL 1855764, at *2
21  (D. Nev. May 1, 2013).

22  **A Stay Is Appropriate Because the Motion for Summary Judgment May Resolve the Parties'**
    **Claims and Can Be Resolved Without Discovery**
23
    Under the governing standard, a stay of discovery is appropriate here.
24
    First, if granted, Plaintiffs' Motion for Summary Judgment will dispose of their claims.
25
    Plaintiffs' claims allege that the Federal Foreclosure Bar preempts the Statute Foreclosure Statute.
26
    Thus, if the Court granted Plaintiffs' Motion, it would hold that HOA foreclosure sales do not
27
    extinguish the Fannie Mae's property interests and Defendant's interests in the Properties are

3

25242749.1

1  subject to the Fannie Mae's Liens.

2  Second, resolving whether federal law prevents an HOA foreclosure sale from extinguishing Fannie Mae's property interest while under FHFA's conservatorship does not require discovery or resolution of disputed material facts.  This issue presents a pure question of law and only requires the Court to interpret the Federal Foreclosure Bar and determine its preemptive effect on Nevada law.  *Cf. Aguirre*, 2013 WL 6865710, at *2; *Thrash*, 2013 WL 5969829, at *2; *Kidneigh*, 2013 WL 1855764, at *2.  For that reason, this Court and other courts in this District have repeatedly stayed discovery pending resolution of FHFA, Freddie Mac, and/or Fannie Mae's similar motions for summary judgment.  *See, e.g.*, Order, *My Home Now LLC v. Bank of America, NA*, No. 2:14-cv-01957-RFB-CWH (Oct. 19, 2015) (finding "good cause exists to stay discovery pending resolution of the parties' cross-motions for summary judgment"); *see also* Order, *1597 Ashfield*, No. 2:14-cv-2123-JCM-CWH (Apr. 16, 2015) (Dkt. 54) ("As in several other cases involving similar issues, there is good cause to stay discovery pending resolution of the motion for summary judgment.").

Because Plaintiffs' claims can be resolved as a matter of law on the present evidentiary record without need for discovery, it would be "more just … to delay discovery to accomplish the inexpensive determination of the case."  *Yung Lo*, 2014 WL 794205, at *3.  A stay is appropriate "to secure the just, speedy, and inexpensive determination of [this] action."  Fed. R. Civ. P. 1.

For the foregoing reasons, the parties respectfully request that the Court stay all discovery pending resolution of Plaintiffs' Motion for Summary Judgment.

4

25242749.1

DATED this 22 day of November, 2016.

| | |
|---|---|
| /s/ Kelly H. Dove, Esq.<br>Amy F. Sorenson, Esq. (SBN 12495)<br>Robin E. Perkins, Esq. (SBN 9891)<br>Kelly H. Dove, Esq. (SBN 10569)<br>SNELL & WILMER LLP<br>3883 Howard Hughes Parkway, Suite 1100<br>Las Vegas, NV 89169<br>Tel: (702) 784-5200<br>Fax: (702) 784-5252<br>asorenson@swlaw.com;<br>rperkins@swlaw.com;<br>kdove@swlaw.com<br><br>*Attorneys for Plaintiff Federal National Mortgage Association* | /s/ Leslie Bryan Hart, Esq.<br>Leslie Bryan Hart, Esq. (SBN 4932)<br>John D. Tennert, Esq. (SBN 11728)<br>FENNEMORE CRAIG, P.C.<br>300 E. Second St., Suite 1510<br>Reno, NV 89501<br>Tel: (775) 788-2228<br>Fax: (775) 788-2229<br>lhart@fclaw.com;<br>jtennert@fclaw.com<br><br>*Attorneys for Plaintiff Federal Housing Finance Agency* |

s/ Joseph Y. Hong, Esq.
Joseph Y. Hong, Esq. (SBN 5995)
HONG & HONG
10781 West Twain Avenue
Las Vegas, NV 89135
Tel: (702) 870-1777
Fax: (702) 870-0500
yosuphonglaw@gmail.com

*Attorneys for Defendant Nevada New Builds, LLC*

IT IS SO ORDERED.

DATED: November 29, 2016

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

25242749.1

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the [] day of November, 2016, a true and correct copy of **STIPULATION TO STAY DISCOVERY** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Joseph Y. Hong, Esq.
HONG & HONG
10781 West Twain Avenue
Las Vegas, NV 89135
yosuphonglaw@gmail.com

/s/ *Kelly H. Dove*

25242749.1